PER CURIAM.
The Board of Governors of The Florida Bar petitioned this Court to amend Florida Bar Integration Rule, article XI, Rule 11.12 to allow for a mandatory waiver of confidentiality on the part of candidates for judicial office, provided the information to be made public relates to discipline at the level of a grievance committee private reprimand or higher. Notice of this proposed amendment was published in The Florida Bar News and the Court received no adverse comments from interested parties.
The amendment proposed by the Board of Governors was as follows:

(l)(e) When a member of The Florida Bar becomes a candidate for judicial office it shall be deemed that the member has requested under Rule 11.12(l)(a) that all matters described in this rule be made public information; provided the material relates to the administration of discipline to the member at the level of a grievance committee private reprimand or higher.

We declined to accept the amendment as proposed; instead, we adopted a substitute version of the amendment:
(7) When a member of The Florida Bar becomes a candidate for judicial office that member may make public the fact of and circumstances surrounding the administration of discipline at the level of a grievance committee private reprimand or higher provided, however, such disclosure does not affect the right to confidentiality, under these rules, of any other member of The Florida Bar.
We invited further comment from interested parties. The Florida Bar answered by proposing modifications to the Court-proposed rule as follows (language added by *884 the Bar is underscored, language deleted by the Bar is struck through):
(7) Any When--a member of The Florida Bar becomes a candidate for judicial office that member may make public the fact of and circumstances surrounding the administration of discipline at the level of a grievance committee private reprimand or higher provided, however, such disclosure does not affect the right to confidentiality, under these rules, of any other member of The Florida Bar. The Florida Bar may disclose information necessary to correct a false statement by a member of The Florida Bar as to prior discipline at the level of a grievance committee private reprimand or higher.
In our original opinion, we focused on the process by which candidates for judicial office were screened and the difficulties attorney-candidates face when confronted with direct questions about disciplinary records. Chief Justice Alderman, concurring in part and dissenting in part with the majority opinion, noted that the difficulty was not limited to candidates for judicial office but could arise whenever an attorney sought public office. The proposed amendments to the rule take the waiver of confidentiality out of the candidacy context entirely and grant an absolute right to Bar members to waive confidentiality, subject only to the rights to confidentiality of any other member of the Bar. Additionally, any misrepresentation by an attorney would allow The Florida Bar to reveal information necessary to correct the false statement.
We are persuaded to accept the Bar’s proposed amendments because they leave the choice of waiver of confidentiality up to the attorney in all situations. Faced with a direct question regarding past discipline he can no longer refuse to answer on the ground that Bar rules prohibit it. He must affirmatively claim the right to retain the confidentiality of the rule and may thus be vulnerable to charges that he has something to hide or lacks frankness in his dealings with the public. Each candidate must weigh the potential cost as part of his decision to waive or to claim confidentiality.
We adopt the amendments to the rule as proposed by the Bar, with one minor addition. In order to make doubly clear that the only disciplinary actions an attorney may make public are his own, we add the phrase “to that member” following the words “administration of discipline.” Thus, we adopt the following amendment to Florida Bar Integration Rule, article XI, Rule 11.12:
Any member of The Florida Bar may make public the fact of and circumstances surrounding the administration of discipline to that member at the level of a grievance committee private reprimand or higher provided, however, such disclosure does not affect the right of confidentiality, under these rules, of any other member of The Florida Bar. The Florida Bar may disclose information necessary to correct a false statement by a member of The Florida Bar as to a prior discipline at the level of a grievance committee private reprimand or higher.
This rule is effective as of December 1, 1983.
It is so ordered.
ALDERMAN, C.J., and OVERTON, MCDONALD and SHAW, JJ., concur.
EHRLICH, J., dissents with an opinion, in which ADKINS and BOYD, JJ., concur.